UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:02CR-20-H

UNITED STATES OF AMERICA                                                                          PLAINTIFF

v.

TIMOTHY J. WELLS                                                                                        DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Timothy J. Wells' motion for relief from judgment or order pursuant to Federal Rule of Civil Procedure 60(b) (DN 208). Wells asserts that his motion is urgent "due to the fact that I am scheduled to be transferred to the West Coast within a week, and my life is in danger in any U.S.P." For the reasons set forth below, the Court will deny Wells' motion.

**I. SUMMARY OF CLAIMS**

In the motion, Wells basically alleges that a Jefferson Circuit Court conviction is void (Case No. 97-CR-0392) because the Commonwealth of Kentucky relinquished legal jurisdiction over him when he "was never returned to the Jefferson County Circuit Court pursuant to KRS 640.030(2), after he attained the age of eighteen (18) years old." Wells effectively argues that because of the allegedly void state court judgment, he cannot be guilty of Court 4 (for being a convicted felon in possession of a firearm) of the instant federal indictment.

Wells reports that he is currently in custody of the U.S. Penitentiary-Big Sandy, located in Inez, Kentucky, and he seeks an "Injunction Order for the B.O.P. to stop or suspend transfer to the West Coast, and that Petitioner be released to the custody of the U.S. Marshal's Services and housed in a detention center pending the resolve of the afore-mentioned issues." He

additionally asks for an evidentiary hearing and for a "corrective order" to be issued to the U.S. Probation and Parole Office to have his "custody scores adjusted, Immediately, to insure that petitioner is not housed in a facility (such as U.S.P) where his life and security is at such a high risk." Finally, Wells asks that his sentence and judgment be vacated and remanded for further review.

## II. ANALYSIS

Wells' Rule 60(b) motion is improper, as Rule 60(b) is a rule of *civil* procedure, not a rule of *criminal* procedure. Notwithstanding the motion's impropriety, the Court will review its content.

To the extent Wells seeks to have his federal sentence and judgment vacated at this point in time, he may do so only by way of a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) ("Section 2255 is the primary avenue for relief for federal prisoners protesting the legality of their sentence."). A review of the record reveals that Wells previously filed a § 2255 motion in this Court (DN 169), which was dismissed by Order entered December 13, 2005 (DN 173). "Before a second or successive application . . . is filed in the district court," however, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See* 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255 ¶ 8 ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals. . . ."); *see also In re Hanserd*, 123 F.3d 922, 934 (6th Cir. 1997) (explaining that "inmates who wish to file a second or successive motion to vacate sentence should first file a motion in [the Sixth Circuit] requesting permission under 28 U.S.C. §§ 2244,

2255"). Because Wells has not obtained permission to file a second or successive § 2255 motion in this Court, this Court will not construe his Rule 60(b) motion as a § 2255 motion.

To the extent Wells claims that he is in custody pursuant to a void state court conviction, such a challenge must be made by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, following exhaustion of available state court remedies. Should Wells seek to file a § 2254 petition, he must do so by separate civil action, not as a motion in his federal criminal action. The Court will direct the Clerk of Court to send Wells forms for filing a § 2254 petition, should that be Wells' intent.

To the extent Wells is contesting his impending transfer by the B.O.P. and his custody scores as computed by the U.S. Probation and Parole Office, he is challenging the execution of his sentence. To challenge the execution of a federal sentence, a prisoner must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, *see Peterman*, 249 F.3d at 461 ("[Section] 2241 is appropriate for claims challenging the execution or manner in which the sentence is served."), and the petition must be filed in "the court having jurisdiction over the prisoner's custodian." *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (citations omitted). Because Wells is currently incarcerated in the U.S.P.-Big Sandy, which is located in the Eastern District of Kentucky, this Court will not construe his Rule 60(b) motion as a § 2241 petition.

Finally, to the extent Wells is challenging his condition of confinement by claiming that his life is in danger, the appropriate course would be to file a civil action against the alleged wrongdoers, not a Rule 60(b) motion in his criminal action. Should Wells seek to file a civil action, the Court will direct the Clerk of Court to send Wells court-approved forms.

### III.  ORDER

For the reasons set forth more fully above, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Defendant Wells' Rule 60(b) motion for relief from judgment (DN 208) is **DENIED**.

The Clerk of Court is **DIRECTED** to send Wells a general complaint form, the forms for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and the forms for filing a prisoner civil rights complaint under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Fed. Narcotics Agents*.

Date:

cc:     Counsel of Record
        Defendant Timothy J. Wells
4412.005