**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CRIMINAL ACTION NO. 3:02CR-20-H**

**UNITED STATES OF AMERICA**                                                **PLAINTIFF**

**v.**

**TIMOTHY JERODE WELLS**                                               **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Defendant Timothy J. Wells' motion for relief from judgment or order pursuant to Federal Rule of Civil Procedure 60(b)(3), (4), (5) and (6) due to governmental misconduct and fraud, misrepresentation, and a voided judgment (DN 238). Along with his Rule 60(b) motion, Wells also filed a motion to proceed *in forma pauperis* (DN 239) and a motion for appointment of counsel (DN 240). The United States filed a response to the Rule 60(b) motion (DN 242), and Wells filed no reply. The motions are ripe for consideration. Upon review, the motions will be denied.

**I.**

In the motion, Wells alleges that he is serving a term of 114 months imprisonment "as a result of a voided judgment rendered by this court." He contends that a Jefferson Circuit Court conviction is void (Case No. 97-CR-0392) because the Commonwealth of Kentucky relinquished legal jurisdiction over him when he was not returned to the Jefferson County Circuit Court for resentencing after he attained the age of majority. Wells, therefore, argues that because of the allegedly void state court judgment, he cannot be guilty of Court 4 (for being a convicted felon in possession of a firearm) of the instant federal indictment. Wells asserts that he has newly discovered evidence consisting of a February 23, 2008, Order by the Jefferson Circuit Court

(1) denying Wells' motion to dismiss without factual basis or legal merit; (2) finding "that, insofar as the Defendant has 'served out' the sentenced imposed under [Indictment No. 97-CR-0392], returning the Defendant to court for resentencing under KRS 640.030 would serve no legitimate purpose"; and (3) recalling the warrant of arrest issued on January 23, 2008.

In its response, the United States raises three arguments. First, it contends that the Court should dismiss Wells' collateral attack of his sentence because he waived it in his plea agreement. Second, it argues that Rule 60(b) is a rule of civil procedure and is, therefore, inapplicable in criminal cases. Finally, the United States asserts that, even if the Court were to consider the merits of the motion, Wells' state conviction is a valid conviction prohibiting him from possessing a firearm under federal law.

## II.

Wells previously filed a Rule 60(b) motion challenging his criminal judgment. By Order entered October 15, 2007 (DN 209), the Court denied the motion and advised Wells that his Rule 60(b) motion was improper, as it is a rule of *civil* procedure, not a rule of *criminal* procedure. The same rationale holds true with respect to Wells' instant Rule 60(b) motion asking this Court to declare its federal criminal judgment against him null and void. *See United States v. Bender*, 96 F. App'x 344, 345 (6th Cir. 2004) ("Fed. R. Civ. P. 60(b) does not apply in criminal proceedings.") (citing *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003)).

While Wells has previously filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which is civil in nature, Wells' current Rule 60(b) motion does not raise any clear challenge to the Court's December 13, 2005, Order dismissing the § 2255 motion (DN 173). The Court, therefore, declines to construe the present Rule 60(b) motion as a challenge to the § 2255 motion.

Should Wells seek to have his federal sentence and judgment vacated at this point in time, he may do so only by way of a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) ("Section 2255 is the primary avenue for relief for federal prisoners protesting the legality of their sentence."). "Before a second or successive application . . . is filed in the district court," however, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See* 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255 ¶ 8.

On review of the docket sheet, it appears that Wells has already sought *and been denied* permission from the Sixth Circuit Court of Appeals to file a successive § 2255 motion in this Court with respect to the arguments he raises in the instant Rule 60(b) motion. The record contains a December 9, 2008, Order from the Sixth Circuit Court of Appeals denying Wells' motion for permission to file a second or successive § 2255 motion in this Court (DN 236). In the appellate motion, Wells relied upon newly discovered evidence in seeking permission to file a second or successive § 2255 motion in this Court. From a review of the documents contained in the appellate docket sheet, it appears that the newly discovered evidence upon which Plaintiff relied is the same as relied upon in the present Rule 60(b) motion (*i.e.*, the state court's February 23, 2008, order referenced above). *See* Docket Sheet in Case No. 08-5284 (6th Cir. filed Mar. 5, 2008). It, therefore, appears that Wells impermissibly filed the instant Rule 60(b) motion in an effort to circumvent the restrictions on filing successive § 2255 motions.

### III.

For the reasons set forth more fully above, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Defendant Wells' Rule 60(b) motion for relief from criminal judgment (DN 238) is **DENIED**.

**IT IS FURTHER ORDERED** that the motion to proceed *in forma pauperis* (DN 239) and the motion for appointment of counsel (DN 240) are **DENIED as moot**.

Date:

cc:     Defendant Timothy J. Wells, *pro se*
        United States Attorney
4412.005